1792. be againſt the plaintiff in this motion; we may, on his motion (on the ground, that the ſubmiſſion and award amounts to an admiſſion of aſſets, or a promiſe, on conſideration, to pay) ſet aſide the verdict, as contrary to the legal effect of thoſe facts. For, (on this ground) the declaration would, in effect, ſtate a perſonal promiſe, and would not vary from the writ. Juſtice, as well as true intereſt, ſeems to ſuggeſt, that the defendant ought to ſettle this matter out of doors, without more delay.

NOTE.—The caſe of *Pearſon v. Henry,* which denies, that a reference, by an executor or adminiſtrator, to an arbitration, is, of itſelf, an admiſſion of aſſets, was not known here, when the preceding caſe was argued. However, no deciſion was called for; as the defendant gave judgment, with ſome delay of execution.

# WASHINGTON COUNTY,

## April Term, 1792.

### THOMAS PHILIPS *v.* JOHN M‘DONALD.

1 *St. L.* 193. AN action of debt for the penalty, on the act of aſſembly againſt uſury, had been brought before a juſtice of the peace. The juſtice having given judgment for the plaintiff, he appealed. It was agreed, by the counſel on both ſides, " that, if the opinion of the court were, that the juſtice had juriſdiction, the defendant ſhould plead to the merits; and that if the juſtice had not juriſdiction, the plaintiff ſhould be nonſuited."

*Roſs* for the defendant. The act againſt uſury, being a penal law, muſt be ſtrictly purſued. A juſtice of the
1 *St. L.* 204, peace is no court of record, but an exception out of
227.2 8. 23 the ordinary juriſdictions. The acts of aſſembly diſtin-
248.271, 273 guiſh between courts of record, and juſtices of the peace.
3ᵗ9,423. 46, If a penalty be declared againſt a particular conduct,
2 *St L* 4. 5, there muſt be a conviction by a jury, before the penalty
12, 73, 84, can be recovered. The words, " eſſoign, protection,
&c. old editi-
ons.

wager of law," apply only to proceedings in courts of record. Only the four courts of *Weſtminſter* are courts of record, for ſuch a purpoſe as this. No ſuit for a penalty can be brought in *England*, in the Quarter Seſſions, or Stannary courts, or courts of Sewers, or courts of Conſcience, or courts Leet, though courts of Record *diverſo intuitu.*

1792.

2 *Hawk* 301, —2, 381, § 25, *c.* 5 § 23, *Doug.* 1, *&c.*

*Brackenridge*, for the plaintiff. The *Engliſh* law cited, applies only to criminal proſecutions. The ſtatute of uſury is to be conſidered with thoſe giving the juſtices juriſdiction of 40*s.* 5*l.* 10*l.* "*All debts*" includes this ; for it is not among the excepted caſes, " *Rent*," &c.— The defendant may appeal, and have a jury trial. The law intends a benefit ; and it ought to be given in the eaſieſt manner poſſible. Uſury is a political evil, a fore-ſtalling of money, and oppreſſive to people in diſtreſs.

*Roſs*, in reply. Juſtices have juriſdiction only in contracts expreſs or implied ; never in torts. There is no appeal under 40*s.*. Wherever juriſdiction over penalties is given to juſtices, it is given in expreſs words.

*Cur. adv. vult.*

NOTE.—This caſe was never mentioned again. I believe the plaintiff gave it up. See *Gregory v. Blaſhford, Barnabee v. Goodale, Curlewes v. Dudley, Farren v. Williams, White v. Boot, Leigh v. Kent.* But the act of 19 of *April*, 1794, *c.* 234, §. 10, has ſettled this queſtion, on this point, for the future, and given juſtices juriſdiction in caſes of penalties for uſury.

6 *Co.* 19,*Cro. El.* 737. 2*Ld. Ray*, 872. 1*Bac.Abr.* 40 2*T.Rep.*274. 3*T.Rep.*362. 3*St. L.* 536.

---

## JAMES HINDMAN *v.* JAMES LOGAN.

PROCEEDINGS to recover a demand, before a juſtice of the peace, who had given judgment for the plaintiff before him, were removed by *certiorari* into the court of *Common Pleas* of *Waſhington* county.

*Roſs*, for the plaintiff in error, filed ſeven exceptions to the record ſent up.

1. It does not ſtate the ground of the demand, ſo as to be a bar to another ſuit for the ſame cauſe.

2. If there was any cauſe of action, it was for rent ; and the title of land muſt have come in queſtion.